Robin K. Perkins, SBN 131252
Natalia D. Asbill, SBN 281860
**PERKINS & ASSOCIATES**
300 Capitol Mall, Suite 1800
Sacramento, California 95814
Telephone: (916) 446-2000
Facsimile: (916) 447-6400
rperkins@perkins-lawoffice.com

Attorneys for PLAINTIFF

UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE CARDENAS,<br><br>Plaintiff,<br><br>vs.<br><br>CELLCO PARTNERSHIP, a Delaware Corporation d/b/a/ Verizon Wireless; and, DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>1. **FMLA INTERFERENCE**<br>2. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**<br>3. **FAILURE TO ACCOMODATE IN VIOLATION OF 42 U.S.C. § 12112(b)(5)**<br>4. **RETALIATION IN VIOLATION OF FEHA**<br>5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff JAMIE CARDENAS (hereinafter "Mrs. Cardenas" or "Plaintiff") alleges against CELLCO PARTNERSHIP, a Delaware Corporation doing business in the State of California as VERIZON WIRELESS, (herein after "VW" or "Defendant"), as follows:

**GENERAL ALLEGATIONS**

1. Mrs. Cardenas is informed, believes, and thereon alleges that Defendant VW is a Delaware Corporation, and conducts business throughout the state, including the County of Sacramento, and is subject to suit under California Government Code section 12940, *et seq.* and 29 U.S.C. § 2601 *et seq.*

- 1 -

JAMIE CARDENAS v. CELLCO PARTNERSHIP d/b/a/ VERIZON WIRELESS – COMPLAINT FOR DAMAGES

2. This court has jurisdiction over this lawsuit pursuant to the provisions of 28 U.S.C. §§1331,1332. The amount in controversy exceeds $75,000.

3. Venue is proper in the United States District Court, Eastern District of California, because all of the events or omissions giving rise to these claims occurred in this District.

4. Plaintiff is, and at all times relevant to this complaint, was a resident of Sacramento County, California.

5. Plaintiff is informed, believes, and thereon alleges VW is responsible and liable for the occurrences alleged herein, and Plaintiff's injuries, as alleged, were proximately caused by VW.

6. The true names and capacities, whether individual, corporate, associates, or otherwise of Defendant designated herein as DOES 1 through 25, inclusive, are unknown to Plaintiff and she therefore sues said Defendants by such fictitious names. When the true names and capacities of such fictitiously named Defendants have been ascertained, this pleading will be amended. Plaintiff is informed, believes, and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged, and those of Plaintiff's injuries, as alleged, were proximately caused by these Defendants.

7. Mrs. Cardenas informed, believes, and thereon alleges she has exhausted all administrative remedies applicable to this complaint and has obtained an immediate Right-to-Sue Notice from the California Department of Fair Employment and Housing, dated October 11, 2017, attached hereto as Exhibit A.

**FACTUAL BACKGROUND**

8. Mrs. Cardenas is informed, believes, and thereon alleges she began working for VW in or about July 2007 as a telephone sales representative at Defendant's Folsom, CA location. Plaintiff worked in this capacity until in or about December 2007 when she moved to Maryland. In or about September 2008, Plaintiff was re-hired by Defendant as a customer service representative at Defendant's Hanover, Maryland location. In or about September 2010, Plaintiff was promoted to Administrative Assistant and was transferred to Defendant's Laurel, Maryland

location. In or about March 2013, Plaintiff was promoted to Executive Administrative Assistant to Director Alvin Ilano (herein after "Mr. Ilano") and was transferred to Defendant's Folsom, California location.

9. Mrs. Cardenas is informed, believes, and thereon alleges throughout the tenure of her employment with Defendant, she either met or exceeded her supervisors' work expectations as evidenced by yearly performance evaluations and numerous promotions which involved increasing responsibility, title changes, and raises.

10. Mrs. Cardenas is informed, believes, and thereon alleges that she has suffered from a serious personal health condition since 2003, specifically, recurring dermoid cysts, endometriosis, adenomyosis, levator spasms, chronic pelvic pain, and interstitial cystitis. Plaintiff is further informed, believes, and thereon alleges that Defendant initially accommodated her medical condition by allowing a flexible schedule and other workplace arrangements. Plaintiff would always substantiate the need for accommodation by providing notes from her treating physician(s).

11. Mrs. Cardenas is informed, believes, and thereon alleges that in or about early 2014, her coworker Nicole Longyear (herein after "Ms. Longyear") began making unsolicited comments regarding Plaintiff's use of and need for reasonable accommodation and workplace arrangements for her known medical condition. Specifically, Ms. Longyear stated to Plaintiff "people in our position aren't allowed to take medical leave".

12. Mrs. Cardenas is informed, believes, and thereon alleges in or about January 2015, she took a medical leave of absence to undergo necessary medical treatment for her personal health condition. Mrs. Cardenas is further informed, believes, and thereon alleges that after returning to work following her medical leave of absence, she was approached by several coworkers at Defendant's Folsom, CA location and received unsolicited and unwelcome comments and was asked inappropriate questions regarding her health, including, "What's wrong with you"; "Well you look fine"; and, "You don't look like anything is wrong with you". Mrs. Cardenas immediately reported these unwelcome comments and questions to Mr. Ilano and

Defendant's HR department.

13. Mrs. Cardenas is informed, believes, and thereon alleges that she participated in ongoing meetings between herself and Defendant's HR Department regarding the inappropriate questions comments posed by Defendant's employees and management. In addition to discussing the harassing behavior of Ms. Longyear, Mrs. Cardenas also discussed with HR the invasive and insensitive comments of Ms. Longyear's supervisor, Executive Director Phillip French (herein after "Mr. French"). Mr. French would repeatedly ask Plaintiff "Where have you been?" and "Why aren't you in the office?" despite Mr. French having been informed multiple times of Plaintiff's serious personal medical condition and her approved use of intermittent FMLA leave.

14. Mrs. Cardenas is informed, believes, and thereon alleges that she initially began meeting with Defendant's HR representative Barbara Zykan (herein after Ms. Zykan"). In response to Plaintiff's reporting of her coworker's harassing conduct, Ms. Zykan stated to Plaintiff that her use of medical leave "was no fun for (her coworkers)" and Plaintiff "should thank Nicole (Longyear) for covering for (her) since she has been out so much." After this meeting, Plaintiff escalated her complaint to Ms. Zykan's manager, Tiffany Uriate (herein after "Ms. Uriate"). Plaintiff then requested that her Department undergo training regarding FMLA leave and privacy issues, but HR declined to implement this request. Ms. Uriate's stated reason to deny Plaintiff's request was since Plaintiff was the only one in her department using FMLA time, she would be targeted for further harassment and that Plaintiff's teammates would know the request for training had come from Plaintiff.

15. Mrs. Cardenas is informed, believes, and thereon alleges that in response to her complaints about her coworkers' comments, Mr. Ilano, at the direction of Mr. French, suggested to Mrs. Cardenas that she place a sign on her desk that notified coworkers when she was utilizing approved FMLA time. Mrs. Cardenas felt Mr. Ilano's proposed solution was too intrusive on her privacy and declined to implement Mr. Ilano's suggestion. Mrs. Cardenas is further informed, believes, and thereon alleges in or about October 2015, her immediate supervisor Mr. Ilano was laid off and Plaintiff began reporting to Sajid Bokhari (herein after "Mr. Bokhari) and Mic

Sedlak (herein after "Mr. Sedlak").

16. Mrs. Cardenas is informed, believes, and thereon alleges that Mr. Bokhari began interfering with and unduly restricting Plaintiff's workplace accommodation and use of previously-approved FMLA time off. When Mrs. Cardenas approached Mr. Bokhari asking to adjust her schedule to accommodate a medical appointment or to work from home, often Mr. Bokhari would tell Mrs. Cardenas that he lacked the authority to approve the requested schedule change. When Mrs. Cardenas would follow up on her requested schedule changes with Defendant's HR Representatives, Mrs. Cardenas was informed that Mr. Bokhari did in fact have the necessary authority to approve schedule changes and that requests of that nature were up to an individual manager's discretion. Mrs. Cardenas is further informed, believes, and thereon alleges Mr. Bokhari had a personal animus against her based upon her disability status as evidenced by his statements to her, specifically "You're lucky you still have a job" and "The business needs still need to be met, despite you having medical issues."

17. Mrs. Cardenas is informed, believes, and thereon alleges she reported Mr. Bokhari's discriminatory comments to Defendant's HR Department. In addition to making insensitive comments towards Mrs. Cardenas' disability, Mr. Bokhari would routinely reject Mrs. Cardenas' requests that were already covered by and memorialized in a formal Work Place Arrangement (herein after "WPA") between Mrs. Cardenas and Defendants. Furthermore, Mr. Bokhari would deny schedule changes that were pre-approved via Mrs. Cardenas' WPA; Mr. Bokhari would require Mrs. Cardenas to seek additional and unnecessary approval from other individuals for accommodations that he was authorized to approve at his discretion.

18. Mrs. Cardenas is informed, believes, and thereon alleges in or about December 2015, she was allowed to transfer from Defendant's Folsom, CA location to its Sacramento, CA location on a trial basis, although she was frequently pressured to return to the Folsom, CA location. Mrs. Cardenas requested the transfer to the Sacramento location as accommodation; this new location was closer to her doctors and her home and allowed her to reduce the amount of work time missed related to treating her known health condition. In or about December 2016,

after multiple requests from her and her doctors, Mrs. Cardenas' transfer to the Sacramento, CA location became permanent. In or about December 2016, Mrs. Cardenas requested from Defendants additional accommodations for her health condition, specifically, a private space in Defendant's office for Mrs. Cardenas to utilize therapeutic medical equipment, as well as ergonomic office equipment. Although Mrs. Cardenas' WPA was approved on or about December 2016, her requested accommodations were not provided until over three months later, on March 23, 2017.

19. Mrs. Cardenas is informed, believes, and thereon alleges in or about early 2017, her department underwent a reorganization and she had a new immediate supervisor, Irene Amezcua (herein after "Ms. Amezcua"). Mrs. Cardenas is further informed, believes, and thereon alleges that Ms. Amezuca and the Sacramento location manager Ahmed Khaled (herein after "Mr. Khaled") encouraged Mrs. Cardenas to return to Defendant's Folsom location despite knowing Mrs. Cardenas has requested a transfer to the Sacramento location as an accommodation for her known and recognized disability. In addition to attempting to get Mrs. Cardenas to leave the Sacramento location, Mrs. Cardenas alleges that Ms. Amezuca and Mr. Khaled were attempting to find a way to revoke Mrs. Cardenas' use of the private space as provided by her WPA.

20. Mrs. Cardenas is informed, believes, and thereon alleges on or about March 16, 2017, she requested an adjustment to her WPA to modify her work hours and provided all of the correct documentation from her medical provider as requested by Defendant. The requested WPA would allow Mrs. Cardenas to work a later schedule, out of medical necessity, in order for Mrs. Cardenas to access pain management tools that she could not bring into the office during her morning pain flares. Mrs. Cardenas continued to follow up on her request during the week, however, she received no response from Defendant.

21. Mrs. Cardenas is informed, believes, and thereon alleges on or about March 6, 2017, Ms. Amezuca instituted a discretionary policy requiring Mrs. Cardenas to give 48-hour notice before changing her work from home days. This new policy was only directed to Mrs.

Cardenas and directly conflicted with Mrs. Cardenas' in-effect WPA allowing her to modify her work from home days. Mrs. Cardenas' need to modify her work from days was directly related to her disability in that she would experience the sudden and unexpected onset of pain flare-ups that could not be expected or anticipated.

22. Mrs. Cardenas is informed, believes, and thereon alleges on or about March 20, 2017, due to a pain flare from her documented medical condition, Mrs. Cardenas notified Ms. Amezcua that she would be unable to work that morning. Mrs. Cardenas offered to slide her schedule and make up the time later in the afternoon or use a couple of hours of her acquired time off as she had done in the past in accordance with her Work Place Arrangement.

23. Mrs. Cardenas is informed, believes, and thereon alleges on or about March 21, 2017, Ms. Amezuca informed Mrs. Cardenas that she was being placed on corrective action for which she had to sign paperwork due to her absence the prior day. After Mrs. Cardenas continued to follow up on her WPA schedule change request, on March 23, 2017 Ms. Amezcua granted her request, going outside the formal WPA channel, claiming that granting Mrs. Cardenas' request to modify her work from home days was now manager's discretion. Ms. Amezuca however, refused to rescind the corrective action placed on Mrs. Cardenas on March 21, 2017. Mrs. Cardenas is further informed, believes, and thereon alleges that had her WPA request been approved when it was initially submitted, on March 16, 2017, she would not have been in violation or Ms. Amezuca's 48-hour notification policy. Mrs. Cardenas alleges that the March 23, 2017 corrective action was discriminatory against her disability status and in retaliation for exercising her rights under FMLA.

24. Mrs. Cardenas is informed, believes, and thereon alleges on or about April 6, 2017, Defendants terminated her employment by giving the pre-textual reason that her position was being eliminated. Mrs. Cardenas is further informed, believes, and thereon alleges that the real reason she was terminated was discriminatory animus against her status as a disabled individual and in retaliation for her seeking a reasonable accommodation and utilizing FMLA protected leave.

## FIRST CAUSE OF ACTION

### *(FMLA Interference, 29 U.S.C. § 2601 et seq. Against All Defendants)*

25. Mrs. Cardenas hereby re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

26. Mrs. Cardenas is informed, believes, and thereon alleges Defendant is an employer covered by and subject to the Family Medical Leave Act (hereinafter "FMLA").

27. Mrs. Cardenas is informed, believes, and thereon alleges she is a member of the class of persons entitled to protected medical and/or family leave under FMLA. Specifically, Mrs. Cardenas worked for more than one (1) year for Defendant and worked in excess of one thousand two hundred fifty (1,250) hours in the preceding twelve (12) month period prior to her requested and/or taken leave. Mrs. Cardenas further alleges she suffers from a personal serious health condition.

28. Mrs. Cardenas is informed, believes, and thereon alleges she gave reasonable notice to Defendants of her need for protected medical leave, including providing notes from her treating physician substantiating her known serious health condition.

29. Mrs. Cardenas is informed, believes, and thereon alleges the Defendants violated her rights under FMLA by repeatedly denying her leave as warranted by her FMLA status and guaranteed by Defendant as memorialized in WPAs, requiring her to follow unnecessary and redundant steps to take FMLA approved leave, subjecting her to disciplinary action for utilizing FMLA approved leave time, as well as for terminating her employment because of her need for FMLA.

30. Mrs. Cardenas is informed, believes, and thereon alleges the Defendants interference with her FMLA has caused and will continue to cause her the loss of wages, salary, benefits, intangible and tangible benefits, and additional amounts of money she would have received had she not been harassed and discriminated against because of her disability. The failure to accommodate Mrs. Cardenas was and is a substantial factor in causing harm to Mrs. Cardenas.

31. Because of such discriminatory and consequent harm, Mrs. Cardenas has suffered damages and attorney's fees according to proof, and on information and believe, will continue to do so in the future.

WHEREFORE, Mrs. Cardenas prays for judgment against Defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION

### *(Disability Discrimination in Violation of Government Code Section 12940, et seq.*

### *Against All Defendants)*

32. Mrs. Cardenas hereby re-alleges and incorporates by reference all pervious allegations though fully set forth herein.

33. Mrs. Cardenas is informed, believes, and thereon alleges Defendants are subject to suit under Government Code section 12940, *et seq.* as Defendants regularly employ five (5) or more employees. (2 CCR § 11008).

34. Mrs. Cardenas is informed, believes, and thereon alleges her protected disability status was a motivating reason for the retaliation perpetrated by Defendant and Defendant's employees and her subsequent constructive discharge.

35. Mrs. Cardenas is informed, believes, and thereon alleges that, as a proximate and legal result of the Defendants' conduct, Mrs. Cardenas has suffered the loss of wages and other benefits she would have earned but for the disparate treatment. Mrs. Cardenas is further informed, believes, and thereon alleges she has also suffered humiliation, embarrassment, anxiety, mortification, mental anguish, and emotional distress. Because of the disability discrimination and consequent harm, Mrs. Cardenas has suffered damages and attorney's fees, in an amount according to proof and excess of the jurisdictional minimum of this arbitration and, on information and belief, will continue to do so in the future.

36. Mrs. Cardenas is informed, believes, and thereon alleges that Defendant's termination of her employment was a substantial factor in causing Mrs. Cardenas' harm.

37. Mrs. Cardenas is informed, believes, and thereon alleges that the aforementioned

1  conduct by Defendant was willful, oppressive, fraudulent, and malicious and therefore Mrs.
2  Cardenas is entitled to punitive damages against Defendant.
3       WHEREFORE, Plaintiff prays for judgment against Defendant, as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Failure to Accommodate Disability Pursuant to 42 U.S.C. § 12112(b)(5)

### Against all Defendants)

7    58.   Mrs. Cardenas hereby re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

9    59.   Mrs. Cardenas is informed, believes, and thereon alleges she had/has a disability within the meaning of this Act.

11   60.   Mrs. Cardenas is informed, believes, and thereon alleges Defendant was informed and knew of her disability.

13   61.   Mrs. Cardenas is informed, believes, and thereon alleges she could have performed the essential functions of the job if she had been provided with a reasonable of accommodation of including, but not limited to, finite amount of leave time when she became ill and unable work to work due to the illness.

17   62.   Mrs. Cardenas is informed, believes, and thereon alleges the accommodation of finite amount of sick leave was reasonable and did not and does not present an undue hardship upon the employer.

20   63.   Mrs. Cardenas is informed, believes, and thereon alleges Defendant failed to provide the requested accommodation, and instead terminated Mrs. Cardenas employment. Mrs. Cardenas is further informed, believes, and thereon alleges Defendant failed to engage in a discussion with Mrs. Cardenas to determine what, if any, accommodation was needed.

24   64.   Such failure to accommodate has caused, and will continue to cause Mrs. Cardenas a loss of wages, salary, benefits, intangible and tangible benefits, and additional amounts of money she would have received had she not been harassed and discriminated against because of her disability.

- 10 -

JAMIE CARDENAS v. CELLCO PARTNERSHIP d/b/a/ VERIZON WIRELESS – COMPLAINT FOR DAMAGES

65. As a further and proximate result of the above-referenced actions against Mrs. Cardenas, she has suffered humiliation, embarrassment, anxiety, mortification, mental anguish, and emotional distress.

66. Because of such discriminatory and consequent harm, Mrs. Cardenas has suffered damages and attorney's fees according to proof, and on information and believe, will continue to do so in the future.

WHEREFORE, Mrs. Cardenas prays for judgment against Defendants as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### *(Retaliation in Violation of Government Code § 12940, et seq. Against All Defendants)*

38. Mrs. Cardenas hereby re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

39. Mrs. Cardenas is informed, believes, and thereon alleges Respondents are subject to suit under Government Code section 12940, *et seq.* as Respondents regularly employ five (5) or more employees. (2 CCR § 11008). Mrs. Cardenas is further informed, believes, and thereon alleges that the Respondents, through their authorized agents, retaliated against Mrs. Cardenas for exercising her rights under FMLA, 29 U.S.C. § 2601, *et seq.* relating to her status as a disabled individual, as well as for Mrs. Cardenas' vocal opposition to the disability discrimination she faced; as a result, Defendant terminated Mrs. Cardenas' employment. Mrs. Cardenas is further informed, believes, and thereon alleges this retaliatory conduct violated Government Code Section 12940(h).

40. Mrs. Cardenas is informed, believes, and thereon alleges that, as a proximate and legal result of the Respondents' conduct, Mrs. Cardenas has suffered, among other things, the loss of wages, salary, intangible benefits, and additional amounts of money they would have received had she not been subjected to such retaliation, in an amount according to proof in excess of the jurisdictional minimum of this Court and, on information and belief, will continue to do so in the future.

41. Mrs. Cardenas is informed, believes, and thereon alleges that, as a further proximate result of the above-referenced actions against herself, Mrs. Cardenas has suffered humiliation, embarrassment, anxiety, mortification, mental anguish, and emotional distress. Because of the retaliation and consequent harm, Mrs. Cardenas has suffered damages and attorney's fees, in an amount according to proof and in excess of the jurisdictional minimum of this Court and, on information and belief, will continue to do so in the future.

42. Mrs. Cardenas is informed, believes, and thereon alleges that the aforementioned conduct by Defendant was willful, oppressive, fraudulent, and malicious and therefore Mrs. Cardenas is entitled to punitive damages against Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### *(Wrongful Termination in Violation of Public Policy Against All Defendants)*

43. Mrs. Cardenas hereby re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

44. Mrs. Cardenas is informed, believes, and thereon alleges she was wrongfully terminated, including but not limited to, in violation of California Government Code §§ 12940, *et seq.*, 12920 *et seq.*, and 12945.2.

45. Mrs. Cardenas is informed, believes, and thereon alleges, as a proximate and legal result of Defendant's conduct, Mrs. Cardenas has suffered, among other things, the loss of wages, salary, the loss of future earnings, intangible benefits, and additional amounts of money Mrs. Cardenas would have been received has she not been subjected to such retaliation, in an amount according to proof at trial.

46. Mrs. Cardenas is informed, believes, and thereon alleges, as a further proximate result of the above-referenced action against Mrs. Cardenas, she has suffered humiliation, embarrassment, anxiety, mortification, mental anguish, and emotional distress. Because of the termination and consequent harm, Mrs. Cardenas has suffered damages and attorney's fees and costs, in an amount according to proof and in excess of the jurisdictional minimum of this Court,

and on information and belief will continue to do so in the future.

47. Mrs. Cardenas is informed, believes, and thereon alleges that the aforementioned conduct by Defendant was willful, oppressive, fraudulent, and malicious, and therefore Mrs. Cardenas is entitled to punitive damages.

WHEREFORE, Mrs. Cardenas prays for judgment, as hereinafter set forth.

## **PRAYER**

WHEREFORE, Mrs. Cardenas prays for judgment against Defendant, as hereinafter set forth:

1. For special damages, where applicable;
2. For general damages, where applicable;
3. For attorneys' fees, where applicable;
4. For prejudgment interest, where applicable;
5. For costs of suit herein incurred;
6. For punitive damages, where applicable; and
7. For declaratory and injunctive relief, where applicable; and
8. For such other and further relief as the Arbitrator may deem proper

DATED: October 11, 2017

PERKINS & ASSOCIATES

By _____
Robin K. Perkins
Attorney for Plaintiff
JAMIE CARDENAS